### NATHAN M. SANDERS, JR. *v.* STATE OF MARYLAND

[No. 85, September Term, 1967.]

*Decided November 27, 1967.*

The cause was submitted to MURPHY, C. J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*Kenneth E. Lee* for appellant.

*Donald Needle, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Charles E. Moylan, Jr., State's Attorney for Baltimore City,* and *Thomas N. Biddison, Jr., Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

PER CURIAM.

The appellant was convicted by the Criminal Court of Baltimore, without a jury, of storehouse breaking with intent to steal goods of the value of $100 and upwards, for which he was sentenced to imprisonment for a term of 5 years, of storehouse breaking and stealing goods of the value of $5 and upwards, for which he was sentenced to imprisonment for a term of 5 years to run concurrently with the first sentence and of unauthorized use of an automobile, for which he was sentenced to imprisonment for a term of 2 years concurrently with the other sentences. The import of his contentions on appeal is that the evidence was not sufficient to sustain the convictions.

There was evidence that about 11:55 P.M. on October 22, 1966 a police officer, off duty but in uniform, was in his personal automobile with another police officer when he observed the appellant and another boy emerging from a broken front window of the Reliable Stores Corporation at 2118-2120 W. Pratt Street. The scene was well lighted. Each of the boys was carrying a television set. The boys placed the television sets in a 1962 Oldsmobile, one on the rear seat, the other on the floor. When the officers were about 20 feet from the Oldsmobile, the boys saw them and ran. One officer followed the appellant and after a chase of about 5 blocks, identified himself and fired a warning shot. The appellant continued to run but then fell and was apprehended. The appellant was out of sight of the officer "for an instant at the most." The television sets were identified as the property of the Reliable Stores Corporation and had

486

a total value of $217.40. The inventory of the store was valued at approximately $39,000. The manager of the store was the last to leave the premises about 5:30 P.M. that day, at which time he fully secured and locked the store. The owner of the Oldsmobile identified, as belonging to him, the automobile in which the appellant and his companion placed the television sets, that the value of the car was $1,395, that he had parked it in the 500 block of Lanvale Street about 5:15 P.M. on October 22nd and saw it next near 2118 W. Pratt Street after the police officers had called him. He had not given anyone authority to drive his car.

In reviewing the sufficiency of the evidence in a non-jury case, this Court determines whether the trial court had sufficient evidence or rational inferences therefrom from which it could be fairly convinced beyond a reasonable doubt of the defendant's guilt. *McFadden v. State*, 1 Md. App. 511. In the instant case, the trial court had such evidence before it. Therefore, its judgments on the evidence were not clearly erroneous and we may not set them aside. Md. Rule, 1086. The trial court was under no obligation to believe the defendant's denials or explanations. *Dunlap v. State*, 1 Md. App. 444.

The appellant complains that the State did not produce "fingerprint evidence." He testified that he was fingerprinted and that the police told him "the T.V. had been dusted." No inquiry was made with regard to this matter when the police officer was on the stand. If the appellant thought such evidence would be helpful to him he could have required its production.

*Judgments affirmed.*