BERNARD SULLIVAN *v.* STATE OF MARYLAND

[No. 389, September Term, 1975.]

*Decided January 5, 1976.*

The cause was argued before Orth, C. J., and Morton and Lowe, JJ.

*Harold P. Dwin, Assistant Public Defender*, with whom was *Alan H. Murrell, Public Defender*, on the brief, for appellant.

*Albert Gallatin Warfield, III, Assistant Attorney General*, with whom were *Francis B. Burch, Attorney General*, *William A. Swisher, State's Attorney for Baltimore City*, and *Floyd Pond, Assistant State's Attorney for Baltimore City*, on the brief, for appellee.

Orth, C. J., delivered the opinion of the Court.

## THE SECOND OFFENDER

Prior to 1 January 1962 the procedures to be followed with respect to the subsequent offense aspect of a criminal charge as the basis for increased punishment were in a snarl. This was made manifest in *Beard v. State*, 216 Md. 302 (1958), in which a divided Court attempted to deal with the problem. The majority opinion held, in essence, that a form of indictment charging the current offense and alleging the historical fact or facts of one or more prior offenses was valid. In other words, an indictment for a subsequent offense must contain an averment as to a prior offense, and such an averment and proof thereof did not deprive the accused of a right to a fair and impartial trial. *McCoy v. State*, 216 Md. 332 (1958), *cert. den.* 358 U. S. 853, *Garrigan v. Superintendent*, 218 Md. 662 (1958), *Toyer v. State*, 220 Md. 205 (1959), and *Torres v. Warden*, 227 Md. 649 (1961) generally applied the *Beard* holding, but several serious questions, pointed up in *Beard*, were left unanswered.[1] The opinion of the Court in *Beard* suggested that the Rules Committee consider the matter. 216 Md., at 320. See *Torres*,

---

**1.** There were cases in this jurisdiction prior to *Beard* concerned with subsequent offenses. See, for example, Maguire v. State, 47 Md. 485 (1878); Goeller v. State, 119 Md. 61 (1912); Kenny v. State, 121 Md. 120 (1913); Hall v. State, 121 Md. 577 (1913); Mazer v. State, 212 Md. 60 (1956); Robertson v. Warden, 212 Md. 646 (1957).

at 653, n. 2. The result was the proposal of Maryland Rule 713, which was adopted by the Court of Appeals on 15 September 1961, effective 1 January 1962.

Rule 713 answered the questions. It first deals with the indictment:

> "In a case where a greater punishment is prescribed for a second or subsequent conviction of the same offense the indictment for each succeeding offense shall charge only the current offense and shall not refer to the fact that the State intends to prosecute the defendant as a second or subsequent offender." Section a.

It next provides for notification to a defendant that he is to be prosecuted as a second or subsequent offender:

> "There shall be attached to such an indictment an addendum which shall warn the defendant that the State has evidence that he has formerly been convicted of the same offense, including the date and court in which he was previously convicted, that it intends to prosecute the accused for the current offense as a second or subsequent offender, the maximum punishment which may be imposed upon the defendant if he is convicted of the current offense and found to be a second, or subsequent offender, and the right of the accused under this Rule to elect that the issue of whether or not he is a second or subsequent offender be tried concurrently with the trial for the current offense or be determined by the court or jury after the verdict on the current offense." Section b.

Section c prescribes that the indictment and addendum shall be served as are indictments under Rule 706. Section d, "Trial-Election by Defendant"; § e, "Failure to Elect"; § f, "Separate Trial of Subsequent Offender Issue"; § g, "Recess or Dismissal of Jury"; and § h, "New Jury Challenges",

pertain to the trial. We summarized their provisions in *Ware
v. State,* 13 Md. App. 302, 306 (1971):

> "The accused may elect that the issue of whether
> or not he is a second or subsequent offender be tried
> concurrently with the trial for the current offense,
> or that the issue be determined separately after the
> verdict on the current offense. Also, he may waive a
> jury for determination of that separate issue, even
> though the current offense is tried before a jury.
> The second proceeding is not a trial of guilt, but the
> determination of an issue. That issue is simply the
> historical fact of a prior conviction and the identity
> of the defendant as the person so convicted."

In a prosecution of an accused for a current offense as a
subsequent offender, only one sentence is proper. It is error
to impose separate sentences on the current offense and the
addendum. *Ware v. State, supra,* at 306-307; *Reid v. State,*
10 Md. App. 6, 8-9 (1970), *cert. den.* 259 Md. 735; *Simmons v.
State,* 8 Md. App. 355, 368-369 (1969).

## THE CASE *SUB JUDICE*

### Statement of the Case

On 3 April 1975 Bernard Sullivan was convicted at a bench
trial in the Criminal Court of Baltimore of carrying a
handgun on his person in violation of Code, art. 27, § 36B.
On 28 April he was sentenced to 6 years. He appealed. On
appeal, he does not contest the validity of his conviction. The
questions he presents go only to the legality of the sentence.

At the guilt stage of the trial, the State proved its case by
an agreed statement of facts given by the prosecutor. The
defense did not offer evidence. A verdict of guilty was
rendered. The State told the court that it had no
recommendation as to sentence but that there was
"information provided from the NCIC with respect to the
defendant's previous record. . . ." The prosecutor said: "My
record reveals that he is currently on probation for a
handgun violation to March 12, 1977." There were no other

prior convictions. The judge indicated that he was going to impose a sentence of six years. Defense counsel pointed out that Sullivan was not charged as a second offender. The court asked: "Does he have to be under the statute?" The issue was cleanly drawn. The State argued that under art. 27, § 36B an accused could be sentenced as a second or subsequent offender without being prosecuted as such. The defense maintained that to be subject to an increased sentence, an accused must be charged as a subsequent offender and that such charge must be proved. The court held the imposition of sentence *sub curia.*[2]

When the court convened for the penalty stage, memoranda [3] and argument were received from counsel, and the court again deferred the imposition of sentence. The proceedings resumed two weeks later. It was the position of the defense that Rule 713 was applicable, and that in the absence of compliance with that Rule, Sullivan could not be punished as a subsequent offender. The State claimed that art. 27, § 36B was without the ambit of the Rule.

*The Statute*

The crime of which Sullivan was convicted was created by the General Assembly by ch. 13, Acts 1972, effective the date of its passage on 27 March 1972. The dominant purpose of the Act was to stop the alarming rise in the use of handguns in the commission of crimes of violence. *Wright v. State,* 24 Md. App. 309, 317 (1975). See "Declaration of Policy", art. 27, § 36B (a). The provisions of subsection (b) are relevant to the case before us.[4]

---

2. The State entered a *nolle prosequi* to all other charges outstanding against Sullivan, namely "Warrant numbers 47500879, 880, 881, 882, 886, and 887 which charge the defendant with receiving stolen goods, burglary, larceny, malicious destruction, possession of narcotic paraphernalia, and obliteration of a serial number. . . ."

3. The memoranda filed are not included in the record submitted to us.

4. Subsection (c) sets out exceptions to the proscriptions of subsection (b). Subsection (d) makes it a separate misdemeanor to use a handgun in the commission of any felony or any crime of violence as defined by art. 27, § 441 and prescribes the punishment upon conviction. Subsection (e), excepting a sentence prescribed in subsection (b), prohibits reduction or suspension of the mandatory or minimum sentence and the grant of probation.

Subsection (b) makes it a misdemeanor for any person to "wear, carry, or transport any handgun, whether concealed or open, upon or about his person", and to "wear, carry or knowingly transport [5] any handgun, whether concealed or open, in any vehicle upon the public roads, highways, waterways, or airways or upon roads or parking lots generally used by the public in this State." The subsection prescribes the punishment on conviction:

(i) if the misdemeanant had not been previously convicted of a violation of § 36B, or of carrying a concealed weapon in violation of § 36, or of carrying a deadly weapon on public school property in violation of § 36A, "he shall be fined not less than two hundred and fifty ($250.00) dollars, nor more than twenty-five hundred ($2,500.00) dollars, or be imprisoned in jail or sentenced to the Maryland Division of Correction for a term of not less than 30 days nor more than three years, or both; provided, however, that if it shall appear from the evidence that the handgun was worn, carried, or transported on any public school property in this State, the court shall impose a sentence of imprisonment of not less than 90 days";

(ii) if the misdemeanant had previously been once convicted of such crimes, "he shall be sentenced to the Maryland Division of Correction for a term of not less than 1 year nor more than 10 years, and it is mandatory upon the court to impose no less than the minimum sentence of 1 year; provided, however, that if it shall appear from the evidence that the handgun was worn, carried, or transported on any public school property in this State, the

Section 6 of ch. 13 provides that "all restrictions imposed by the law, ordinances, or regulations of the political subdivisions on the wearing, carrying, or transporting of handguns are superseded by this Act, and the State of Maryland hereby preempts the right of the political subdivisions to regulate said matters."

5. The subsection declares that "it shall be a rebuttable presumption that the person is knowingly transporting the handgun."

court shall impose a sentence of imprisonment of not less than three years";

(iii) if the misdemeanant had previously been convicted more than once of such crimes "or any combination thereof", "he shall be sentenced to the Maryland Division of Correction for a term of not less than three years nor more than 10 years, and it is mandatory upon the court to impose no less than the minimum sentence of three years; provided, however, that if it shall appear from the evidence that the handgun was worn, carried, or transported on any public school property in this State, the court shall impose a sentence of imprisonment of not less than 5 years";

(iv) if it shall appear from the evidence that a handgun "was carried, worn, or transported with the deliberate purpose of injuring or killing another person, the court shall impose a sentence of imprisonment of not less than five years".

## The Ruling of the Trial Court

In sentencing Sullivan to six years the trial judge held that Rule 713 did not control the procedure to be used in art. 27, § 36B. He adopted, in substance, the view of the prosecutor. He explained:

"On April 3rd, Bernard Sullivan was convicted by me in this court of a handgun violation under warrant 47500885. I found at that time as a matter of fact that Bernard Sullivan did on or about December 23rd 1974 unlawfully wear or carry on or about his person a handgun in violation of Article 27 Section 36B and after the verdict of guilty was entered I was informed by the State that the defendant had previously been convicted of a handgun violation on March 13, 1974. I then proceeded to sentence the defendant to six years. The penalty as a second offender being a maximum of ten years rather than a maximum of three years as a first offender. Mr. Sullivan was tried under

Section 36B. He was not tried as a second offender as such. The question before me is whether a separate allegation or charge of a prior conviction under Article 27 Section 36 or 36B must be made before a penalty under Article 27 Section 36B (b) (ii) can be imposed. The defendant was convicted under Subsection (b) of Section 36B which prohibits the unlawful wearing, carrying, or transporting of handguns and this subsection further prescribes the penalties in paragraphs one through four. The legislative intent expressed in Article 27 Section 36B shows an intent that the handgun law was passed to provide for more stringent penalties. This is evidenced by the provisions for mandatory minimum sentences in Section 36B. It is also apparent by combining the substance of the crime with the penalties for first, second, and subsequent offenders into one subsection that the legislature is mandating the court to impose sentence on the basis of the record of the defendant rather than allowing sentencing to depend on whether a separate second offender section has been charged. When the defendant, Bernard Sullivan, was charged with a violation of Section 36B he was put on notice that if he was a second offender then he would be subjected to the penalties of paragraph two and I hold that no separate addendum is necessary. As was stated in Ware versus State 13 Maryland Appeals 302 at 305, 'an addendum is no more than a warning to a defendant that the State intends, upon conviction of the offense charged in the indictment, to seek the imposition of a more severe punishment because of his previous conviction of the same or a related offense'. And I hold that Rule 713 does not control the procedure to be used in Article 27 Section 36B."

*Issue for Decision*

The issue for decision is whether the sentence imposed

was legal. Sullivan attacks the sentence by advancing three contentions:

> "I. Appellant was denied due process of law when he was sentenced as a second offender without first having been charged as a second offender.
>
> II. There was not sufficient evidence to convict and sentence the Appellant as a second offender.
>
> III. The Appellant received an illegal sentence."

*Decision*

We do not agree with the trial judge. We think that an accused whom the State intends to prosecute as a subsequent offender must be given notice that comports with art. 21 of the Declaration of Rights of the Constitution of Maryland, and the State and federal constitutional guarantees of due process of law. We believe that Rule 713 adequately and appropriately takes this into account.[6] We find no proper basis, in any event, for a conclusion that Rule 713 was not intended to apply to art. 27, § 36B. The mere fact that the statute authorizes more severe punishment for

---

**6.** The majority in *Beard* made several observations in suggesting the consideration of the Rules Committee:

> "We find no constitutional requirement that an indictment allege a prior conviction or convictions in any particular manner or in any particular place, so long as any such prior offenses are clearly stated as the basis for increased punishment if the accused is convicted of the current offense charged against him." 216 Md. at 320.

The Rule adopted, however, by its express language, forbids mention of the prior offense in the indictment and requires notification of intent to prosecute as a subsequent offender by an addendum.

The *Beard* opinion also observed:

> "Neither do we find any constitutional requirement that the jury must pass on the accused's alleged prior convictions at the same time that it passes upon the alleged current offense. The court's instructions should cover the various possible verdicts, and in the absence of a binding admission by the accused of one or more prior convictions, they should call for special verdicts or findings as to the historical facts of any prior convictions which may be alleged." *Id.*

The Rule is in accord with this.

a subsequent offender is not sufficient notice in the constitutional sense that the State intends to prosecute an accused as a subsequent offender. The Rule, by its clear and unequivocal language, governs a case "where a greater punishment is prescribed for a second or subsequent conviction of the same offense." Art. 27, § 36B (b) so prescribes and the procedures of the Rule must be followed with regard to that statute.

We agree with Sullivan that there was no evidence sufficient to establish a prior conviction. The fact of a prior conviction of a crime within the contemplation of § 36B (b) had to be proved by the State beyond a reasonable doubt. It offered no *evidence* whatsoever on the matter. The "proof" consisted merely of a statement by the prosecutor: "My record reveals that he is currently on probation for a handgun violation to March 12, 1977."

We conclude that the six year sentence imposed was illegal. Sullivan was not prosecuted as a subsequent offender as required by Rule 713. Therefore, unless there was compliance with Rule 713, he could only be punished upon conviction of the current offense proscribed by art. 27, § 36B (b), as a person who had not been previously convicted of a crime which, under that statute, subjected him to increased punishment. Thus, the maximum sentence authorized upon his conviction was three years. Code, art. 27, § 36B (b) (i).

We add these observations. Sullivan was tried in the Criminal Court of Baltimore under a statement of charges prepared by a police officer and filed in the District Court.[7] M.D.R. 706, § c 3.[8] The crime alleged was a misdemeanor, Code, art. 27, § 36B (b), with an authorized penalty of a fine of not more than $2500 and imprisonment of not more than three years, § 36B (b) (i). Therefore, the District Court had concurrent jurisdiction with the Criminal Court of Baltimore. Courts Art. § 4-302 (c). "Indictment" as used in Rule 713, includes "a grand jury indictment, a criminal

---

7. The statement of charges was referred to at the trial as a "warrant".

8. In this opinion "M.D.R." refers to the Maryland District Rules. "Rule" refers to the Maryland Rules of Procedure.

information and a charging document as defined in Maryland District Rule 702 (Definitions)." By M.D.R. 702, § a, "charging document" means "arrest warrant, summons to a defendant, statement of charges, citation, or criminal information." The District Court has no rule comparable to Rule 713. In view of our conclusion that in a circuit court trial a person may not be subject to the increased punishment authorized by art. 27, § 36B unless he is prosecuted as a subsequent offender under procedures prescribed by Rule 713, the question is how these procedures are to be fulfilled under District Court charging documents. See *Moaney v. State*, 28 Md. App. 408 (1975). The further question arises as to how a person is to be so prosecuted in the District Court, in the light of the fact that Rule 713 does not apply to that Court and that the District Court has no comparable rule. These questions are not before us, but it may be that the Rules Committee will deem it advisable to consider them in the contemplated revision of the Criminal Rules.

> *Conviction affirmed; sentence vacated; case remanded for imposition of a legal sentence.*