# ALFRED WALLACE BUTLER v. STATE OF MARYLAND

[No. 1404, September Term, 1979.]

*Decided July 14, 1980.*

The cause was argued before MOORE and COUCH, JJ., and JACOB S. LEVIN, *Associate Judge of the Seventh Judicial Circuit,* specially assigned.

*Joyce R. Branda, Assigned Public Defender,* with whom was *Robert W. Hesselbacher, Assigned Public Defender,* on the brief, for appellant.

*Michael A. Anselmi, Assistant Attorney General,* with whom were *Stephen H. Sachs, Attorney General, Arthur Marshall, State's Attorney for Prince George's County,* and *Joseph A. Dugan, Assistant State's Attorney for Prince George's County,* on the brief, for appellee.

COUCH, J., delivered the opinion of the Court.

In this appeal we are asked to reverse a robbery conviction because the trial court allegedly erred in failing to suppress identification testimony and certain physical evidence pursuant to appellant's motion. We are also asked to strike a mandatory sentence imposed pursuant to Art. 27, § 643B,[1] since it was illegally imposed.

A brief review of the facts giving rise to the charges

---

1. "§ 643B. Mandatory sentences for crimes of violence.

(a) *'Crime of violence'.* — As used in this section, the term 'crime of violence' means abduction; arson; kidnapping; manslaughter, except involuntary manslaughter; mayhem; murder; rape; robbery; sexual offense in the first degree; sexual offense in the second degree; use of a handgun in the commission of a felony or other crime of violence; an attempt to commit any of the aforesaid offenses; assault with intent to murder; and assault with intent to rape.

The term 'correctional institution' includes Patuxent Institution and a local or regional jail or detention center.

(b) *Mandatory life sentence.* — Any person who has served three separate terms of confinement in a correctional institution as a result of three separate convictions of any crime of violence shall be sentenced on being convicted a fourth time of a crime of violence, to life imprisonment without the possibility of parole. Regardless of any other law to the contrary, the provisions of this section are mandatory.

(c) *Third conviction of crime of violence.* — Any person who (1) has been convicted on two separate occasions of a crime of violence where the convictions do not arise from a single incident, and (2) has served at least one term of confinement in a correctional institution as a result of a conviction of a crime of violence, shall be sentenced, on being convicted a third time of a crime of violence, to imprisonment for the term allowed by law, but, in any event, not less than 25 years. Neither the sentence nor any part of it may be suspended, and the person shall not be eligible for parole except in accordance with the provisions of Article 31B, § 11."

against appellant will suffice in light of the limited issues raised on appeal. The record shows that early on the morning of September 22, 1978, Cora Green had stopped at a 7-Eleven store in Seat Pleasant, Prince George's County, to make a purchase. Upon re-entering her automobile she observed two black males in a "white over red" late model car parked at the store and, when she proceeded to drive to her apartment, they followed her. When she got home and alighted from her car she saw a man running toward her but she did not pay "that much attention." She was then struck on the right side of her face and her assailant took her pocketbook and fled. She observed this man get into the passenger's side of the "white over red" car and leave. After reporting the incident to the police, an officer responded and a lookout was placed.

Shortly thereafter a stop of a "white over red" car was made by another officer, and the investigating officer and the victim were notified; they proceeded to the scene of the stop and the victim stated that was not the man or the car involved. A second stop of a similar car was made nearby, but again the victim said the men were not involved. Finally a third stop was made pursuant to the lookout. After responding to the scene of this stop, the victim said one of the two men in the car looked familiar but that her assailant had on dark glasses. An officer then asked this man if he wore glasses, to which the man responded in the affirmative but did not then have them on. Sunglasses, with a missing lens, were found in the glove compartment of the car and the man was directed to put them on. Thereafter the victim made a positive identification of this man as her assailant; however, he was not the appellant. Appellant was a passenger in the car. Both men were arrested and charged but only appellant was tried as his codefendant had absconded prior to trial. On appeal appellant contends that his motion to suppress identification testimony and physical evidence should have been granted, and the imposition of a mandatory sentence was illegal. We shall address each issue in the order set out above.

## The Motion to Suppress

Appellant contends that the trial court erred in denying his motion to suppress the identification testimony, as well as the physical evidence found in the car.

### (a)
### Identification

The thrust of appellant's argument, simply put, is that the evidence offered by the State was not sufficient to demonstrate those factors set out in *Neil v. Biggers,* 409 U.S. 188, 198, 93 S. Ct. 375, 381-382, 34 L. Ed. 2d 401, 411 (1972), namely:

1. the opportunity of the witness to view the criminal at the time of the crime;
2. the witness's degree of attention;
3. the accuracy of the witness's prior description of the criminal;
4. the level of certainty demonstrated by the witness at the confrontation;
5. the length of time between the crime and the confrontation.

Preliminarily we observe that the motion to suppress, in part, went to the identification of appellant's codefendant, not appellant. Appellant contends that the victim's identification of his codefendant was impermissively suggestive and should be suppressed, from which it would necessarily follow that there would be no link connecting him to the offense. We have reviewed the record with respect to the motion to suppress and conclude that, when viewed in its entirety, the testimony was sufficient to show clearly and convincingly that there was no substantial likelihood of a misidentification. The victim had the opportunity to see her assailant and gave an accurate description of him to the police. The witness exhibited a high degree of certainty after the sunglasses were put on by appellant's codefendant. The witness's elimination of other persons during the prior two stops strengthened her identification of appellant's

codefendant and, finally, the length of time between the crime and the confrontation was short. Appellant raises no issue about the lack of any identification of him. We find no merit to this contention.

### (b)
### *The Physical Evidence*

The victim stated that $8.70 had been taken from her during the incident. This amount was found in the car. The trial court concluded, and we agree, that appellant had no standing to object to the search of the car, during which the money was found. Appellant was seen as a passenger after the stop was made. As a passenger, appellant had no right to the expectation of privacy and thus no standing to object. *Rakas v. Illinois,* 439 U.S. 128, 140, 99 S. Ct. 421, 58 L. Ed. 2d 387 (1978).

### *The Art. 27, § 643B Sentence*

At the time of sentencing the trial judge was advised that the appellant had twice previously been convicted for crimes of violence; a 1972 conviction in the United States District Court for the District of Columbia for burglary and robbery for which he was sentenced to five to fifteen years and three to fifteen years, respectively; and a 1979 conviction in the Circuit Court for Baltimore County for robbery for which he was sentenced to eight years imprisonment. Appellant's attorney advised the sentencing judge that the Baltimore County conviction was on appeal but that said appeal was being dismissed because the transcript had not been timely filed. The trial judge proceeded to sentence appellant pursuant to Art. 27, § 643B (c).

On appeal appellant argues that the trial judge erred in sentencing under § 643B (c) since:

1. the Baltimore County conviction, being on appeal, was not a final conviction,
2. the District of Columbia conviction for robbery was not a proper predicate because it was a

foreign conviction and robbery there is not necessarily a crime of violence, and

3. there was no evidence that appellant had served at least one term of confinement in a correctional institution as a result of a conviction of a crime of violence.

The State argues that because appellant did not object to the proof at sentencing or the trial court's finding that he was a subsequent violent offender under § 643B (c), the issue is not preserved for appellant review. We disagree. As we held in *Slye v. State,* 42 Md. App. 520, 401 A.2d 195 (1979), manifest injustice would possibly result if we do not review the issue. We shall do so.

With regard to the Baltimore County conviction, we agree with appellant that since it was not a final conviction it may not serve as a proper predicate for the application of sentencing under § 643B (c). Even though information was given to the sentencing judge that the appeal was going to be dismissed, in fact it had not then been done. Our review of the record, filed in this Court, of the Baltimore County conviction, now on belated appeal, clearly demonstrates that appellant's appeal was stricken by the Baltimore County Circuit Court on November 13, 1979, seven days after the sentencing in the instant case. Thus appellant's Baltimore County conviction was not final and, in our view, may not be considered as a predicate for sentencing under § 643B (c). Furthermore, the trial court was made aware that a petition for post conviction relief would be filed seeking a belated appeal and that it had a reasonable chance of success because dismissal of the earlier appeal was not the fault of appellant. As a matter of fact a belated appeal was allowed and, as of now, has not been determined. We believe that before the drastic effect of a § 643B (c) sentencing can be allowed to stand, the supporting convictions must be final convictions.

With regard to the District of Columbia robbery conviction, we are unable to determine from the record whether it is a proper predicate to support a § 643B (c) sentencing. Nothing before us indicates whether the robbery

was indeed a crime of violence. In the District of Columbia, robbery is defined by statute as:

> "Whoever by force or violence, whether against resistance or by sudden or stealthy seizure or snatching, or by putting in fear, shall take from the person or immediate actual possession of another anything of value, is guilty of robbery."

D.C. Code, Sec. 22-2901 (1973). Thus, as the State concedes, it appears that robbery in the District of Columbia may not be a crime of violence. The facts surrounding that conviction would have to be examined before this determination can be made. So far as the appellant's argument is concerned that this conviction, being a foreign conviction, cannot be used, we see no merit. The intent of the Legislature in providing enhanced punishment for a subsequent violent offender seems clear to us and should not be thwarted by restricting the predicates to only Maryland convictions.

Appellant also contends that there was no demonstration that he had been confined in a correctional institution for one previous crime of violence. We need not dwell long on this contention. The sentencing judge had before him a pre-sentence report submitted at his request by the Division of Parole and Probation of the Maryland Department of Public Safety and Correctional Services, which showed that appellant was confined at Lorton Reformatory, a District of Columbia correctional institution, as a result of his conviction for burglary and robbery. The record also shows that appellant was asked if he had any corrections to make with regard to the pre-sentence report and that while he did make corrections in certain areas none related to his confinement at Lorton. Accordingly, we believe the requirement concerning confinement was met.

Having concluded that the sentence imposed by the trial court must be vacated, the question then becomes what shall be our disposition? The State would have us remand for a new hearing and sentencing under § 643B (c) and the

appellant argues that this is impermissible pursuant to *Burks v. United States,* 437 U.S. 1, 98 S. Ct. 2141, 57 L. Ed. 2d 1 (1978). In that case, the Supreme Court held that where an accused succeeds in obtaining a reversal of his criminal conviction because of insufficiency of the evidence he may not be retried because to do so would violate his protection against double jeopardy.

Appellant supports his contention by reference to *Crawley v. Kunzman,* 585 S.W.2d 387 (Ky. 1979), and *Reed v. State,* 581 S.W.2d 145 (Tenn. Crim. App. 1978), both cases relating to subsequent or repeat offenders. Both cases concluded that when reversal was for insufficiency of the evidence on the issue of prior convictions retrial would be improper on the authority of *Burks, supra.* The only distinguishing factor present in these cases from the instant case is that under the habitual criminal statutes of those states the jury makes the determination during the trial on the merits, whereas in Maryland this is specifically precluded by Rule 734 d. Section e of 734 provides that the court, before sentencing and after giving the opportunity to be heard, shall determine whether the defendant is a subsequnt offender. In our view this is a distinction without a difference; in either procedure there must be proof of the required predicates, i.e., in Maryland two convictions for specified crimes of violence and confinement for at least one. The State urges us to adopt the holding in *State of Washington v. Braithwaite,* 600 P.2d 1260 (1979), where it was held that the State and United States Constitutions' double jeopardy clauses were not involved in a matter of this kind since it did not involve a trial to determine guilt, only "status". We believe the better reasoned rule is as set out in *Reed* and *Crawley, supra.* It. seems to us that it is equally as important to an accused not to be subjected to two hearings to determine and enhanced mandatory sentence under § 643B (c) as it is not to be subjected to two trials to determine his guilt in the first place. As a matter of fact, it may well be more devastating to him if a second hearing on sentencing is allowed, as is obviously the case here.

Accordingly, we shall affirm the conviction but vacate the

sentence imposed and remand for the limited purpose of imposition of a proper sentence.

> *Judgment of conviction affirmed.*
> *Sentence vacated and case remanded for imposition of a proper sentence.*
>
> *Costs are not reallocated as part of the judgment of this court pursuant to Maryland Rule 1082 f.*