534 A.2d 992

Robert A. FORD

v.

STATE of Maryland.

No. 363 Sept. Term, 1987.

Court of Special Appeals of Maryland.

Jan. 6, 1988.

Julia Doyle Bernhardt, Asst. Public Defender (Alan H. Murrell, Public Defender, on the brief), Baltimore, for appellant.

Cathleen C. Brockmeyer, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., Kurt T. Schmoke, State's Atty., and Kevin Kamenetz, Asst. State's Atty., for Baltimore City, on the brief), Baltimore, for appellee.

Submitted before ALPERT, BLOOM, and ROSALYN B. BELL, JJ.

ROSALYN B. BELL, Judge.

Robert A. Ford was convicted by a jury in the Circuit Court for Baltimore City of unlawfully carrying a handgun. At the conclusion of the trial, the court sentenced him to eight years imprisonment. On appeal, Ford raises two issues:

    1. The prosecutor's closing argument was improper; and

    2. The sentence was illegal.

Baltimore City Officer Michael Vaughn was in a marked police car parked in the 2400 block of East Preston Street when a Toyota with four people in it passed him, traveling at a high rate of speed. Vaughn pursued the Toyota and followed it for three blocks. During that time, he determined that the driver of the Toyota was exceeding the speed limit. Vaughn stopped the Toyota, but before he got out of his car, he radioed his dispatcher. He told the

dispatcher that he had stopped the Toyota and asked the dispatcher whether the car had been reported stolen. The dispatcher answered that the Toyota was not stolen.[1] After receiving this information, Vaughn got out of his car and approached the driver, Michael Green. He asked Green for his driver's license. Green did not have a license, so Vaughn asked Green to get out of the car. Vaughn began to write up a traffic citation, charging Green with speeding and driving without a license.

Meanwhile, Officer Homer Pennington, another Baltimore City police officer, overheard Vaughn's radio call. Pennington was in his own police car a short distance from where the Toyota was stopped. He drove to the scene and arrived while Vaughn was writing the traffic citation. Pennington walked up to the Toyota and shined his flashlight into the back seat. Ford and Clinton Green were in the back seat. Pennington saw a shiny handgun "sticking out partially under [Ford's] foot." Pennington immediately ordered the men out of the car and placed them under arrest. The officers then searched the car. They found a second handgun, some marijuana and drug paraphernalia.

### PROSECUTOR'S CLOSING ARGUMENT

This issue concerns fingerprint evidence. The police did not check the handguns for fingerprints and none of the witnesses made any mention of fingerprints during their testimony. Nevertheless, during his closing argument, defense counsel asked the jury to consider the fact that the State had not fingerprinted the handguns. Defense counsel asserted that, if the handguns had been fingerprinted, the police would not have found appellant's fingerprints, but may have found fingerprints from the other men in the car.

The prosecutor in rebuttal acknowledged that the guns had not been fingerprinted, but argued that "this is not the type of case that you are going to bother with finger-

---

1. In fact, the Toyota was stolen, but the report of the theft had not yet been made to the police.

prints." Defense counsel objected to this argument. In doing so, counsel asserted that the prosecutor had the duty to place into evidence "the negative evidence of fingerprints." He stated that, because the prosecutor had not submitted such evidence, his present argument amounted to impermissible testimony. The trial judge overruled defense counsel's objections and permitted the prosecutor to pursue his argument. The prosecutor did so. In the course of his argument, he explained that the police search for fingerprints only "when they don't know who committed the crime."

We are now asked to rule whether this argument was proper. In order to do so, we must consider the law regarding the rights of the parties in a criminal case to comment upon the absence of an item of evidence. Such absent evidence may be termed "negative evidence." Here, the negative evidence was the lack of fingerprint evidence. Two separate legal issues are present: the law regarding negative evidence and the law regarding closing argument.

◼ The Courts have only recently recognized the concept of negative evidence. In *Eley v. State*, 288 Md. 548, 419 A.2d 384 (1980), the Court of Appeals ruled that a defendant is entitled to comment on the fact that the State's evidence contains an "unexplained silence concerning a routine and reliable method of identification especially in a case where the identification testimony is at least subject to some question...." *Eley*, 288 Md. at 555, 419 A.2d 384. It is important to note that the Court in *Eley* limited the use of a negative evidence argument to those situations where the absent evidence 1) could have been obtained by routine and reliable means; and 2) the State's failure to offer it was unexplained. Thus, a negative evidence argument is appropriate only where it would be normal to expect that the State would present such evidence.

In *Bailey v. State*, 63 Md.App. 594, 493 A.2d 396, *cert. denied*, 304 Md. 296, 498 A.2d 1183 (1985), we ruled that a defendant could present evidence to show that a routine and

reliable means existed to secure some item of evidence and that no explanation had been offered as to why the State had not done so. In other words, the defendant has the right to establish a foundation for a negative evidence closing argument. He is not, however, required to offer any particular evidence to establish such foundation. He may rely simply upon the evidence presented and, if that evidence creates a negative evidence situation, he may make a negative evidence argument. If the State believes that the defense will present a negative evidence argument, the prosecutor may introduce evidence to explain why certain evidence was not secured. *Henderson v. State*, 51 Md.App. 152, 441 A.2d 1114 (1982).

In sum, a defendant may attack the State's case by arguing that the State has neglected to secure and/or present some item of evidence. The argument is proper, however, only if the absence is unexplained. One good explanation for not securing a particular item of evidence is that the fact which the evidence would tend to prove has been proven by better evidence. *Eley*, 288 Md. at 553–54, 419 A.2d 384.

The law regarding closing argument was set forth in great detail by Judge O'Donnell in *Wilhelm v. State*, 272 Md. 404, 326 A.2d 707 (1974). There, Judge O'Donnell observed:

"As to summation, it is, as a general rule, within the range of legitimate argument for counsel to state and discuss the evidence and all reasonable and legitimate inferences which may be drawn from the facts in evidence; and such comment or argument is afforded a wide range."

*Wilhelm*, 272 Md. at 412, 326 A.2d 707.

In the instant case, no mention of fingerprints was made at trial. The defense gave no indication that it was going to make a negative evidence argument regarding the State's failure to offer fingerprint evidence. Not surprisingly, the State made no attempt to offer evidence to explain why it

had no fingerprint evidence. Nevertheless, at the close of the case, defense counsel presented a negative evidence argument. The prosecutor rebutted the argument by saying that "this is not the type of case that you are going to bother with fingerprints" and "they will ... take fingerprints ... when they don't know who committed the crime."

Appellant interprets these remarks as being an explanation of police procedures. No one at trial testified about how the Baltimore City police handle fingerprints. Thus, according to appellant, the prosecutor's remarks amounted to comment on facts not in evidence. Because the law prohibits counsel from commenting on facts not in evidence, appellant urges us to rule that the argument was improper.

The prosecutor is entitled to rebut any defense argument. *Wilhelm,* 288 Md. at 413, 326 A.2d 707. The argument at issue here is a negative evidence argument. In order for a negative evidence argument to be valid, the facts must show that there is no explanation for the absence of the evidence. The prosecutor was entitled to rebut appellant's argument by arguing that an explanation did exist as to why the fingerprint evidence was not offered. In doing so, however, he was entitled to comment only on the facts in evidence and the logical inferences which could be drawn from those facts.

The evidence presented showed that appellant was found in a car with three other men. The handgun was found under appellant's foot. The handgun was seized by the police, but they made no attempt to examine it for fingerprints. The reasonable and legitimate inferences which could be drawn from this evidence are:

1. That appellant had the gun.
2. Whether appellant's fingerprints were on the gun would not add to or detract from the State's case.
3. Whether someone else's fingerprints were on the gun would not detract from the State's case.

We believe the prosecutor's remarks must be read in the context of the trial. Read in context, it is clear that the idea he was trying to convey to the jury was that there was an explanation as to why the State had not secured fingerprint evidence. The prosecutor's explanation was that the fingerprint evidence was unnecessary because the fact which the fingerprints could prove—appellant was in possession of the handgun—had already been established by better evidence. From this we conclude that the prosecutor's argument was based on legitimate inferences drawn from the facts in evidence. As such it was a proper argument.

## SENTENCE

Appellant also argues that his eight-year sentence for carrying a handgun was illegal because the State failed to give proper notice; and the State failed to prove that appellant had committed a predicate crime.

### —Notice—

Section 36B of the Maryland Code establishes a penalty for unlawfully carrying a handgun. Md.Code Ann. Art. 27, § 36B (1957), 1982 Repl.Vol., 1987 Cum.Supp.). Section 36B(b)(i) provides a maximum sentence of three years for a first offender. Section 36B(b)(ii) provides for enhanced penalties for certain subsequent offenders. The Court of Appeals, through its rule-making authority, has in Rule 4–245(c) established the procedures which must be followed when the State seeks a mandatory sentence such as is provided in § 36B(b)(ii). *Armstrong v. State*, 69 Md.App. 23, 33–36, 515 A.2d 1190 (1986), *cert. denied*, 309 Md. 47, 522 A.2d 392 (1987). Rule 4–245(c) reads:

"**Required Notice of Mandatory Penalties.**—When the law prescribes a mandatory sentence because of a specified previous conviction, the State's Attorney shall serve a notice of the alleged prior conviction on the defendant or counsel at least 15 days before sentencing in circuit

court or five days before sentencing in District Court. If the State's Attorney fails to give timely notice, the court shall postpone sentencing at least 15 days unless the defendant waives the notice requirement." [2]

In *King v. State,* 300 Md. 218, 231, 477 A.2d 768 (1984), the Court of Appeals said:

"The purpose underlying the notice provision of the enhanced punishment statute is, and always has been, to inform a defendant fully of the nature of the State's case against him in order that he may intelligently conduct his defense."

In *King,* the Court found that the notice was inadequate because it did not indicate the date of the prior conviction, the court in which the proceedings occurred, the statute under which the prior conviction was obtained, and the exact nature of the offense with which the defendant was charged. *King,* 300 Md. at 231, 477 A.2d 768. Despite the inadequate notice, the Court held that the error was harmless beyond a reasonable doubt as the defendant was aware of the prior conviction which the State intended to rely upon to establish the defendant's subsequent offender status. *King,* 300 Md. at 232, 477 A.2d 768. The defendant was neither surprised nor prejudiced by the inadequate notice.

In the case *sub judice,* more than 15 days before trial, the State served defense counsel with a document entitled "Notice of Additional Penalties." The notice announced that the State intended to request the court to impose a sentence of up to 10 years. The notice also contained a notation that the State had evidence that appellant had been convicted of possession of a handgun on October 24, 1979. Finally, the notice incorrectly informed appellant that upon conviction

---

**2.** The increased punishment under § 36B(b)(ii) is part mandatory and part additional. *King v. State,* 300 Md. 218, 220, 477 A.2d 768 (1984); *Armstrong v. State,* 69 Md.App. 23, 36, 515 A.2d 1190 (1986). The contested notice was sent well over 15 days prior to trial, hence that distinction is not an issue here.

he faced additional penalties pursuant to § 36.[3]

Appellant claims that the notice given by the State was grossly deficient. He argues that the alleged prior conviction—possession of a handgun—is a nonexistent and thus nonqualifying crime. In addition, appellant claims that the notice failed to include any of the information required by the Rule with the exception of the date of the alleged prior conviction.

While we agree with appellant that the State's notice of enhanced punishment did not completely comply with Rule 4–245, we hold that the deficiency was harmless beyond a reasonable doubt. Months prior to the trial, the State served notice of its intent to seek additional penalties based on evidence the State had regarding appellant's prior conviction of possession of a handgun violation. Appellant concedes that the notice informed him that the State had evidence of the October 24, 1979 handgun possession conviction. In addition, appellant recognizes that the notice correctly stated that he faced a 10–year sentence. The record does not suggest that the State's reliance upon appellant's prior handgun conviction was a surprise to appellant. Nor does the record suggest that appellant was prejudiced by the inadequate notice. Furthermore, appellant does not allege that had he received a more detailed notice, he would have conducted his defense differently. Thus, the deficiency in the notice was harmless beyond a reasonable doubt. *King*, 300 Md. at 232, 477 A.2d 768.

### —Proof of Prior Convictions—

When the State seeks to impose upon a defendant an enhanced punishment under § 36B(b)(ii), it must prove that the defendant has previously been convicted of a predicate crime. That section provides in pertinent part:

---

**3.** Section 36, "carrying or wearing concealed weapon ..." is distinguishable from § 36B, "wearing, carrying or transporting handgun...."

"If the person has previously been once convicted of unlawfully wearing, carrying, or transporting a handgun in violation of this section, or of unlawfully using a handgun in the commission of a crime in violation of subsection (d) of this section,[4] or of unlawfully carrying a concealed weapon in violation of § 36 of this article, or of unlawfully carrying a deadly weapon on public school property in violation of § 36A of this article, he shall be sentenced to the Maryland Division of Correction for a term of not less than 1 year nor more than 10 years, and it is mandatory upon the court to impose no less than the minimum sentence of 1 year...."

Md.Code Ann. Art. 27, § 36B(b)(ii) (1957, 1982 Repl.Vol., 1987 Cum.Supp.).

In other words, the State must prove that the offender has previously been convicted of unlawfully wearing, carrying or transporting a handgun in violation of § 36B, *or* of unlawfully using a handgun in the commission of a crime in violation of § 36B(d).[5] Section 36B(d) makes it a crime to use a handgun in the commission of any felony or any crime of violence, including robbery and robbery with a deadly weapon.

In *Teeter v. State*, 65 Md.App. 105, 499 A.2d 503 (1985), *cert. denied*, 305 Md. 245, 503 A.2d 253 (1986), we considered what the State must do to establish the basis for an enhanced punishment. We observed:

---

**4.** Section 36B(d) provides in pertinent part:
   "**Unlawful use of handgun or antique firearm in commission of crime; penalties.**—Any person who shall use a handgun or an antique firearm capable of being concealed on the person in the commission of any felony or any crime of violence as defined in § 441 of this article, shall be guilty of a separate misdemeanor and on conviction thereof shall, in addition to any other sentence imposed by virtue of commission of said felony or misdemeanor...."
   Md. Code Ann. Art. 27, § 36B(d) (1957, 1982 Repl.Vol., 1987 Cum. Supp.).

**5.** The acts prohibited by §§ 36 and 36A are not relevant under the facts of this case.

"We hold that proceedings to increase punishment for a charged offense because of prior convictions are part of the sentencing procedure. The rules of evidence applicable in a trial on the issue of innocence or guilt are not controlling. As a general rule hearsay is admissible at such a proceeding. As *Sullivan v. State*, [29 Md.App. 622, 349 A.2d 663 (1976)] states, in a mandatory sentencing, however, *the State carries the additional burden of proving the allegations of prior offenses and incarceration beyond a reasonable doubt.* This means that to meet that burden, the State must prove those *factual predicates* under § 643B[6] with *competent evidence.*" (Emphasis added.)

*Teeter*, 65 Md.App. at 113–14, 499 A.2d 503.

In *Sullivan v. State*, 29 Md.App. 622, 349 A.2d 663 (1976), we explained that competent evidence requires actual evidence and that a statement by the prosecutor to the effect that his records showed a particular prior conviction did not qualify as evidence to prove the basis for an enhanced punishment. *Sullivan*, 29 Md.App. at 631, 349 A.2d 663. In that case, the only " 'proof' [of a prior conviction] consisted ... of a statement by the prosecutor: 'My record reveals that he is currently on probation for a handgun violation to March 12, 1977.' " *Sullivan*, 29 Md.App. at 631, 349 A.2d 663.

■ In the case *sub judice*, appellant contends that the State failed to prove a qualifying conviction beyond a reasonable doubt. At the sentencing hearing, the prosecutor stated that appellant had previously been convicted of armed robbery and a related handgun violation. Although the prosecutor stated that he had a certified copy of the conviction, it was never offered into evidence. In this case, as in

---

6. Maryland Code Ann. Art. 27, § 643B (1957, 1982 Repl.Vol., 1987 Cum.Supp.), imposes enhanced punishment upon criminals who have repeatedly been convicted of crimes of violence. *See Hawkins v. State*, 302 Md. 143, 486 A.2d 179 (1985).

*Sullivan,* proof of a prior conviction consisted only of the prosecutor's statements.

In *Hall v. State,* 69 Md.App. 37, 516 A.2d 204 (1986), *cert. denied,* 308 Md. 382, 519 A.2d 1283 (1987), a case which also involved the proof of a factual predicate in order to impose enhanced punishment, appellant claimed that the State failed to prove appellant had served a period of incarceration on a prior conviction.[7] Prior to the sentencing hearing, appellant was given a presentence investigation report, disclosing his prior conviction and service of sentence. In addition, at the hearing, appellant's attorney admitted reviewing the presentence report with his client the day before the sentencing. Thereafter, appellant's counsel identified a number of alleged errors in the report, none of which challenged the recitation relating to the service of sentence. *Hall,* 69 Md.App. at 63, 516 A.2d 204. The Court said:

> "Under these circumstances, which are tantamount to a judicial admission, we hold that there was competent evidence before the sentencing judge of incarceration as a result of the 1974 conviction to permit its use as a predicate offense for mandatory sentencing under Article 27, § 643B(b)."

*Hall,* 69 Md.App. at 63, 516 A.2d 204 (citations omitted). In the case *sub judice,* however, no presentence investigation report was prepared. The record discloses only the bare assertion from the prosecutor that appellant had previously been convicted of a handgun violation. That statement by the prosecutor does not satisfy the State's burden of proving that appellant was previously convicted of a qualifying crime. *Sullivan,* 29 Md.App. at 631, 349 A.2d 663.[8] The

---

7. In order to impose an enhanced punishment upon a defendant pursuant to § 643B, the State must prove prior qualifying convictions and also that the defendant served terms of incarceration. § 643B(b).

8. Nor did the trial judge take judicial notice of an original court record as occurred in *Irby v. State,* 66 Md.App. 580, 505 A.2d 552 (1986).

record discloses no competent evidence before the trial judge from which he could have found beyond a reasonable doubt that appellant had previously been convicted of a predicate crime. *Sullivan,* 29 Md.App. at 631, 349 A.2d 663. In those cases where we have found evidence of a prior conviction beyond a reasonable doubt, the State has substantiated that fact with some documentation or overt admission. In this case, absent from the record are both a presentence investigation report and a certified copy of a conviction. There is no evidence in the record for our review. Its absence is not the fault of the defendant. Hence, we hold the State did not prove beyond a reasonable doubt that appellant was previously convicted of one of the crimes required by § 36B(b)(ii).

The State contends that appellant failed to object to the sufficiency of the evidence introduced to establish the prior conviction at the sentencing hearing and, hence, the issue is not properly before this Court. In fact, appellant failed to object twice. First, when the prosecutor was summarizing appellant's record and secondly, when the court imposed the sentence. At the time the prosecutor was making his proffer of the appellant's record, appellant was under no obligation to say anything. Until the prosecutor placed the certified copy of the conviction into evidence or produced other competent evidence, there was nothing to controvert. A proffer is not evidence unless the parties stipulate that a proffer will suffice. Appellant continued his silence; hence, there was no agreement that the facts were as proffered when the sentence was imposed. Our review of this silence implicates our review under Rule 1086 which specifies:

> "*When an action has been tried by the lower court without a jury, this Court will review the case upon both the law and the evidence,* but the judgment of the lower court will not be set aside on the evidence unless clearly erroneous and due regard will be given to the opportunity of the lower court to judge the credibility of the witnesses." (Emphasis added.)

This Rule was adopted to prevent a miscarriage of justice, namely, by permitting one judge to take away the life or liberty of an accused without a review by any other tribunal. "It was not intended, and will not be construed, to permit us to reverse judgments merely because our conclusion on the record is different from that of the trial judge. It is only intended to prevent manifest error." *Adams v. State,* 8 Md.App. 684, 692, 262 A.2d 69, *cert. denied,* 400 U.S. 928, 91 S.Ct. 193, 27 L.Ed.2d 188 (1970), quoting *Lambert v. State,* 196 Md. 57, 68, 75 A.2d 327 (1950).

In reviewing the sufficiency of the evidence in a nonjury case, we determine whether the trial court had sufficient evidence or rational inferences therefrom from which it could be fairly convinced beyond a reasonable doubt of the defendant's guilt. *Sanders v. State,* 2 Md.App. 484, 486, 235 A.2d 563 (1967). We hold that Rule 1086 applies equally to proceedings where an enhanced sentence may be imposed. Appellant's failure to raise the issue of whether the State produced sufficient evidence of a prior conviction does not preclude his seeking review by this tribunal. There simply was no competent evidence which would enable the trial court to find the existence of a prior conviction.

Having held that the State failed to prove the prior conviction beyond a reasonable doubt, we must determine what the disposition of the case will be on remand. Under *Butler v. State,* 46 Md.App. 317, 324, 416 A.2d 773 (1980), we held that, when the State fails to prove the prior qualifying conviction required by an enhanced punishment provision, on remand for resentencing the defendant may not be sentenced under the enhanced punishment provision. As Judge Couch said for this Court in *Butler:*

"It seems to us that it is equally as important to an accused not to be subjected to two hearings to determine and [sic] enhanced mandatory sentence under § 643B(c) as it is not to be subjected to two trials to determine his guilt in the first place. As a matter of fact, it may well

be more devastating to him if a second hearing on sentencing is allowed, as is obviously the case here."
*Butler*, 46 Md.App. at 324, 416 A.2d 773. On remand in the instant case, appellant is to be sentenced in accordance with § 36B(b)(i). We vacate the sentence and remand the case for imposition of a proper sentence.[9]

CONVICTION AFFIRMED.

SENTENCE VACATED AND CASE REMANDED FOR RESENTENCING IN ACCORDANCE WITH § 36B(b)(i).

COSTS TO BE PAID ONE-HALF BY MAYOR AND CITY COUNCIL OF BALTIMORE AND ONE-HALF BY APPELLANT.

---

9. We recognize that this might seem to put a premium on a defendant's silence to the detriment of the State. This need not be so; the State need only follow the ruling of *Butler, Teeter* and *Sullivan* to avoid the potential trap.