595 A.2d 463

George **JONES**

v.

**STATE of Maryland.**

**No. 147, Sept. Term, 1990.**

Court of Appeals of Maryland.

Sept. 11, 1991.

Bradford C. Peabody, Asst. Public Defender (Stephen E. Harris, Public Defender, both on brief), Baltimore, for petitioner.

Cathleen C. Brockmeyer, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., both on brief), Baltimore, for respondent.

Argued before MURPHY, C.J., and ELDRIDGE, RODOWSKY, McAULIFFE, CHASANOW and KARWACKI, JJ.

RODOWSKY, Judge.

The petitioner, George Jones (Jones), challenges his enhanced sentence as a three time offender under the drug laws. He asserts that the State failed to prove a predicate for enhanced punishment, namely, that he had served at least 180 days of a term of confinement imposed as the sentence for one of the predicate convictions. Two issues are presented.

1. Did the trial court and the Court of Special Appeals err in concluding that the burden of going forward with the evidence shifted to Jones to prove that he had not served a minimum of 180 days when the State proved that Jones had been sentenced to serve one year on one of the predicate convictions?

2. Even if the lower courts erred, was there sufficient evidence in the record before the sentencing court to support enhanced punishment, so that this case may be remanded for further sentencing proceedings under the enhanced punishment provision?

The statute involved here is Md.Code (1957, 1987 Repl. Vol., 1990 Cum.Supp.), Art. 27, § 286(d), dealing with controlled dangerous substances. Subsection (d) reads in relevant part:

"(d)(1) Any person who has been convicted on 2 separate occasions under subsection (b)(1) or subsection (b)(2) of this section ... or any combination of these offenses, where the convictions do not arise from a single incident, and who has served at least 1 term of confinement of at least 180 days in a correctional institution as a result of a conviction of a previous violation of this section ... shall be sentenced, on being convicted a third time under subsection (b)(1) or subsection (b)(2) of this section ... to imprisonment for the term allowed by law, but, in any event, not less than 25 years.

"(2) Neither the sentence required under paragraph (1) of this subsection nor any part of it may be suspended, and the person may not be eligible for parole except in accordance with Article 31B, § 11 of the Code.

"(3) A separate occasion shall be considered one in which the second or succeeding offense is committed after there has been a charging document filed for the preceding offense."

Jones was charged, in a post-arrest statement of charges of September 12, 1985, and, later, by indictment filed on November 22, 1985, in the Circuit Court for Baltimore City, with various controlled dangerous substances offenses. All of these offenses were alleged to have taken place on September 12, 1985, at 5507 Sarril Road. They included possession of cocaine with the intent to distribute. Jones pleaded guilty to the latter charge on May 25, 1987. Sentencing was deferred at that time.

Jones was also charged by indictment in the Circuit Court for Baltimore City with various controlled dangerous substances offenses alleged to have taken place on July 24, 1986, at 1745 North Castle Street, and including possession of heroin with the intent to distribute. On June 1, 1987, Jones pleaded guilty to the 1986 offense involving heroin,

and sentencing was held at that time for that offense and the 1985 offense.

Jones was sentenced on the 1985 cocaine offense as follows:

"Fifteen (15) years [in the custody of the Division of Correction] all but one (1) year is suspended dating from 6–8–87. Work release recommended. Credit to be given for 17 days time served. Upon release 5 years supervised probation. Pay costs to sheriff within 6 months after release."

For the 1986 offense Jones was placed on probation for five years, beginning when the period of probation imposed on the 1985 offense began.

On July 13, 1988, Jones was arrested in the 1700 block of North Duncan Street in Baltimore City. He was subsequently charged by criminal information with possession of cocaine on that occasion, with the intent to distribute. A jury in the Circuit Court for Baltimore City found Jones guilty of that charge. The sentencing on that third conviction is the subject of this appeal.

At the sentencing hearing the State introduced the files of the Circuit Court for Baltimore City in the causes involving the 1985 cocaine offense and the 1986 heroin offense. No records from the Division of Correction were introduced, as they might have been under Md.Code (1989 Repl.Vol.), § 10–204 of the Courts and Judicial Proceedings Article. Defense counsel argued that the State failed to show that Jones had "served at least 1 term of confinement of at least 180 days in a correctional institution." § 286(d)(1). The sentencing judge ruled that the § 286(d)(1) penalty was triggered by a sentence of "unsuspended time" in excess of 180 days, because such a sentence demonstrated the seriousness of the prior offense. The circuit judge further ruled that the burden then shifted to Jones to show that he had not served at least 180 days. Defense counsel replied that the defense was not prepared to show that and did not have any records of incarceration. The court sentenced

Jones to twenty-five years, the minimum penalty under § 286(d)(1).

The Court of Special Appeals affirmed in an unreported opinion that adopted the reasoning of the sentencing judge. We granted Jones's petition for certiorari.

## I

Where the General Assembly has required or permitted enhanced punishment for multiple offenders, the burden is on the State to prove, by competent evidence and beyond a reasonable doubt, the existence of all of the statutory conditions precedent for the imposition of enhanced punishment. *See Bowman v. State,* 314 Md. 725, 733, 552 A.2d 1303, 1306-07 (1989); *Ford v. State,* 73 Md.App. 391, 400-06, 534 A.2d 992, 996-99 (1988); *Irby v. State,* 66 Md.App. 580, 584-85, 505 A.2d 552, 554 (1986), *cert. denied,* 308 Md. 270, 518 A.2d 732 (1987); *Teeter v. State,* 65 Md.App. 105, 113-14, 499 A.2d 503, 507 (1985), *cert. denied,* 305 Md. 245, 503 A.2d 253 (1986); *Sullivan v. State,* 29 Md.App. 622, 630-32, 349 A.2d 663, 668-69 (1976). Here, the fact that Jones had been sentenced to one year of "unsuspended time" does not satisfy the State's burden. Jones's sentence of confinement for one year meant that he was at least eligible for consideration for parole after he had served three months of that sentence, excluding any credits against the sentence. *See* Md.Code (1957, 1990 Repl.Vol.), Art. 41, § 4–516(a); Md.Regs.Code tit. 12, § 08.-01.17A(1) (1980).[1] The possibility of parole when eligible is enhanced by the fact that the sentencing judge gave Jones one week to report for service of his sentence and by his

---

1. Md.Code (1957, 1990 Repl.Vol.), Art. 41, § 4–516(a) in relevant part provides:

   "It shall be the duty of the [Parole] Commission of its own initiative to request the Division [of Correction] to make such investigation as may enable the Commission to determine the advisability of granting parole to persons sentenced to a term of 6 months or more ... whenever the prisoner shall have served in confinement one fourth of the term...."

recommendation for work release. To conclude from the sentence of one year of unsuspended time that Jones served the minimum 180 days required by Art. 27, § 286(d)(1) is speculation.

The foregoing interpretation of § 286(d)(1) emphasizes "served ... at least 180 days." It does not, however, render as surplusage "at least 1 term of confinement of," preceding "at least 180 days." The requirement that a minimum of 180 days be served in at least one term of confinement is a limitation that prevents imposing enhanced punishment by cumulating, in order to reach 180 days, time served in separate confinements, on separate convictions, for separate incidents, when no single component equals or exceeds 180 days. Additionally, by imposing the 180 day minimum, the legislature was ensuring that those who received the enhanced punishment had been accorded a fair chance at rehabilitation in the prison system and had not responded. *See Montone v. State*, 308 Md. 599, 612–13, 521 A.2d 720, 726–27 (1987) (the phrase "three separate terms of confinement in a correctional institution" in an enhanced punishment statute was intended to identify defendants who had been given three separate opportunities to reform).

It is also possible to read § 286(d)(1) as did the sentencing judge, viewing the critical feature to be the length of sentence imposed, as contrasted with the time served. This interpretation reads "term of confinement" with a technical meaning, so that the entire "term of confinement" is theoretically served in any case in which the person, once confined, is thereafter lawfully released at any time. That reading may not be applied here, even if the statute is ambiguous. We deal with an enhanced punishment statute. It is highly penal, and must be strictly construed. *Wynn v. State*, 313 Md. 533, 539–40, 546 A.2d 465, 468 (1988).

The State cites several cases in which a defendant was required to produce evidence when challenging the constitutional validity of predicate convictions. *See, e.g., Porter v.*

*State,* 281 Ark. 277, 279–80, 663 S.W.2d 723, 725 (1984) ("bald assertion" by defendant that he did not have counsel at one of his predicate convictions); *Stewart v. State,* 385 So.2d 1159, 1160 (Fla.App.1980) (assertion that state failed to prove that defendant had not been pardoned or had his conviction set aside); *Underhill v. State,* 428 N.E.2d 759, 771 (Ind.1981) (defendant asserted that he was not properly advised of his constitutional rights before a guilty plea in a prior conviction). These cases recognize that, where the fact to be proved is a prior conviction, the State is not required to anticipate every potential attack on a predicate conviction and to present proof beyond that demonstrating a conviction of the required type. Jones, however, correctly argues that an essential element required by § 286(d) was not proved, under the circumstances here, simply by proving the judgment of conviction, including the sentence imposed.

## II

■ The State points out that it introduced at Jones's sentencing hearing the entire files in the criminal causes which culminated in the predicate convictions. Those files reflect that on October 11, 1988, a warrant for violation of probation was issued for Jones. Included in the court files is a supplemental request for warrant of September 28, 1988, by the Parole and Probation Agent who had supervision of Jones. That request for warrant in part represented to the circuit court as follows:

"Initially, Mr. Jones reported to the Division of Parole and Probation Intake Unit [o]n December 31, 1987, at which time he was interviewed; and the conditions of his probation were read and explained to him.... The client was given an opportunity to ask questions. He acknowledged that he understood the conditions of his probation."

■ Under the one year sentence Jones was given credit for time served which effectively started the term of confinement on May 21, 1987. Excluding any other credits which might have been earned against the sentence, 180

days from May 21, 1987, expired on November 17, 1987. The fact that Jones's initial report to the Parole and Probation Intake Unit was on December 31, 1987, is sufficient to support a finding that Jones was confined at least until November 17, but that inference is not compelled. Where the evidence is "sufficient for a prima facie case under [an enhanced punishment statute], but nevertheless conflicting or subject to conflicting inferences so that a trier of facts could reasonably go either way, then the case should be remanded for the trial court to make a factual determination and impose the appropriate sentence depending upon that factual determination." *Temoney v. State*, 290 Md. 251, 261, 429 A.2d 1018, 1023 (1981). Where, as here, the evidence at the initial sentencing proceeding is legally sufficient to support the enhanced punishment, but the imposition of that punishment is set aside on the appeal of the person sentenced because of error in the proceedings below, then there is no violation of principles of double jeopardy in remanding for a resentencing. *See Lockhart v. Nelson*, 488 U.S. 33, 109 S.Ct. 285, 102 L.Ed.2d 265 (1988). We remand this cause to the Circuit Court for Baltimore City for a new sentencing proceeding at which the sentencing judge, as trier of fact, is to determine whether the probation agent's request for warrant satisfies the sentencing judge, beyond a reasonable doubt, that Jones served 180 days on a predicate conviction.

JUDGMENT OF THE COURT OF SPECIAL APPEALS VACATED. CASE REMANDED TO THE COURT OF SPECIAL APPEALS FOR THE ENTRY OF A MANDATE AFFIRMING THE CONVICTION BY THE CIRCUIT COURT FOR BALTIMORE CITY, BUT VACATING THE SENTENCE IMPOSED, AND REMANDING THIS CAUSE TO THE CIRCUIT COURT FOR BALTIMORE CITY FOR FURTHER SENTENCING PROCEEDINGS CONSISTENT WITH THIS OPINION. COSTS IN THIS COURT AND IN THE COURT OF SPECIAL APPEALS TO BE PAID BY THE MAYOR AND CITY COUNCIL OF BALTIMORE.