762 A.2d 1027

**Benjamin Basil FONTAINE**

v.

**STATE of Maryland.**

**No. 504, Sept. Term, 2000.**

Court of Special Appeals of Maryland.

Dec. 1, 2000.

472

Clarence W. Sharp, Ocean Pines (Kenneth D. L. Gaudreau, Salisbury, on the brief), for appellant.

Celia Anderson Davis, Asst. Atty. General (J. Joseph Curran, Jr., Atty. General, Baltimore, and Davis R. Ruark, State's Atty. for Wicomico County, Salisbury, on the brief), for appellee.

Argued before EYLER, KENNEY and THEODORE G. BLOOM (Ret., specially assigned), JJ.

EYLER, Judge.

Appellant, Benjamin Basil Fontaine, was convicted by the Circuit Court for Wicomico County, after a nonjury trial on an Agreed Statement of Facts, of possession with intent to distribute. Prior to trial, appellant moved to dismiss the charges for lack of jurisdiction and moved to suppress cocaine found on his person. The court denied both motions.

On appeal, appellant contends that the court erred in both instances. We agree that the court lacked jurisdiction and, thus, reverse the conviction.

### Factual Background

We adopt the statement of facts presented by the appellant:

### MOTION/SUPPRESSION HEARING

Argument was presented on the Appellant's Motion to Dismiss for lack of jurisdiction on November 30, 1999, and the Motion was denied (Simpson, J.).

At the Suppression and Motions hearing on January 10, 2000, Detective Ronald Marzac (herein referred to as "Marzac") of the Delmar Police Department testified that on September 8, 1999 he and Patrolman Esham stopped the vehicle——a gray Cadillac being operated by Appellant within the Town of Delmar while it was in the State of Delaware. Marzac said he was familiar with Appellant and had occasion a week or two before to check his license status in Maryland and Delaware and found that he was suspended in Maryland and had never possessed a license in any other state.

Marzac said his attention was drawn to the Cadillac because he recognized Appellant as the driver and also because of the large air freshener hanging from the rear view mirror. Marzac activated the emergency equipment, stopped the vehicle in the State of Delaware and placed Appellant under arrest. While he followed and stopped the car, Marzac observed Appellant fidgeting while he was attempting to stick something down the rear of his pants.

Marzac also said he had received information of where Appellant normally concealed his controlled dangerous substances. No offense had occurred in Maryland at the time of the arrest.

While the vehicle was being inventoried, trace amounts of marijuana were found throughout the vehicle. Appellant was patted down at the scene in Delaware and transported to the Delmar Police Department which is located in Maryland. At the station Appellant was strip searched and a bag of suspected marijuana and a bag of suspected crack cocaine was recovered from his buttocks.

The car was subsequently towed to the Delmar Police Station. Appellant was charged in Delaware with possession of the marijuana in the car and with driving while suspended and driving without a license. He was charged in Maryland with felonious possession of the crack cocaine and possession of the marijuana found on his person.

The parties agreed that the Delmar Police Department has dual jurisdiction-all of the members are commissioned in both Maryland and Delaware. The town lies in both states but the one police station is located in Maryland.

## TRIAL

Trial proceeded by way of a not guilty agreed statement of facts on Count One-possession with intent to distribute crack cocaine (the State agreeing to nol pros the other counts upon conviction of Count One).

In August, 1999 Marzac had made a record check of Appellant and found that he had never possessed a license and was also suspended in Maryland. On September 8, 1999, while on routine patrol, Marzac and Esham observed Appellant driving a gray Cadillac in Delaware with an air freshener hanging from the rear view mirror.

A traffic stop ensued in Delaware and Appellant was placed under arrest for driving on a suspended and revoked license. He was transported by Marzac to the Delmar Police Department in Maryland where he was searched and

one bag of suspected marijuana and one bag of suspected crack cocaine was located between the cheeks of Appellant's buttocks. The crack cocaine was subsequently chemically analyzed and found to have a net weight of 12.2 grams.

The stop occurred around 4:15 p.m. and a search of the vehicle revealed suspected marijuana. An inventory search of the vehicle around 5:30 p.m. after it had been towed to the Delmar Police Department in Maryland revealed suspected marijuana. Appellant was charged with driving while suspended/revoked and possession of the marijuana in the car under a Delaware warrant. He was taken before a Delaware Justice of the Peace on those charges that evening where those charges were disposed of.

## Questions Presented

1. Did the trial court err in denying appellant's motion to dismiss for lack of jurisdiction?

2. Did the trial court err in denying appellant's motion to suppress the evidence?

## Discussion

### 1.

Appellant first argues that the circuit court had no territorial jurisdiction over the crime for which he was convicted. Appellant explains that he was arrested in Delaware, transported to the station in Maryland for processing, and then back to Delaware to appear before a Delaware justice of the peace. Appellant contends that (1) the search performed at the station was not a search incident to an arrest, but rather was part of the processing of appellant as a "Delaware prisoner" and (2) while in Maryland, he had no criminal intent to possess or distribute cocaine.

The Supreme Court of the United States has long recognized the authority of the police to search an arrestee incident to a lawful arrest. *See United States v. Robinson,* 414 U.S. 218, 224–26, 94 S.Ct. 467 (1973); *see also State v. Evans,* 352 Md. 496, 516, 723 A.2d 423, 432–33, *cert. denied,*

528 U.S. 833, 120 S.Ct. 310, 145 L.Ed.2d 77 (1999). A search incident to arrest is an established exception to the general principle that a search of a person by a state agent without a warrant is unreasonable under the Fourth Amendment. *See Illinois v. Rodriguez*, 497 U.S. 177, 185, 110 S.Ct. 2793, 111 L.Ed.2d 148 (1990).

It is plain that searches and seizures that could be made on the spot at the time of arrest may be legally conducted later at the place of detention. *See United States v. Edwards*, 415 U.S. 800, 803, 94 S.Ct. 1234, 39 L.Ed.2d 771 (1974). This includes both the person and the property in his immediate possession. *See id.* (holding that authorities were entitled to search arrestee's clothing after he had been placed in his cell and to keep the clothing in official custody). The Supreme Court has reasoned that police conduct that would be impractical, unreasonable, or embarrassingly intrusive on the street may be more readily performed at the police station. *See Illinois v. Lafayette*, 462 U.S. 640, 645, 103 S.Ct. 2605, 77 L.Ed.2d 65 (1983). For example, the interests supporting a search incident to arrest may not justify disrobing an arrestee on the street, but the practical necessities of routine jail administration may justify taking a prisoner's clothes before confining him. *See id.* *See generally Holland v. State*, 122 Md.App. 532, 536–41, 713 A.2d 364, *cert. denied*, 351 Md. 662, 719 A.2d 1262 (1998).

Appellant was lawfully arrested and charged in Delaware with possession of marijuana located in his car, driving with a suspended license, and driving without a license. The search was part of the processing of appellant. We agree with the circuit court that the search performed at the station was a search incident to an arrest.

Appellant next argues that Maryland did not have jurisdiction because he had no criminal intent to possess or distribute cocaine in Maryland. We agree. The crime of possession with intent to distribute drugs is prohibited by statute. "It is unlawful for any person [t]o ... possess a controlled dangerous substance in sufficient quantity to rea-

sonably indicate under all circumstances an intent to ... distribute ... a controlled dangerous substance." Md.Code Ann. (1996 Repl.Vol.), Art. 27, § 286(a)(1). "As for the question of intent to distribute, '[t]he element of intent is generally proved by circumstantial evidence.'" *See Colin v. State,* 101 Md.App. 395, 407, 646 A.2d 1095, 1101 (1994) (quoting *Collins v. State,* 89 Md.App. 273, 278, 598 A.2d 8 (1991)).[1] The location of the place where distribution was intended is not an element of the crime. "An offense against the laws of the State of Maryland is punishable only when committed within its territory. A person cannot be convicted here for crimes committed in another state." *State v. Cain,* 360 Md. 205, 212, 757 A.2d 142, 146 (2000); *State v. Butler,* 353 Md. 67, 73, 724 A.2d 657, 660 (1999)(quoting *Bowen v. State,* 206 Md. 368, 375, 111 A.2d 844, 847 (1955)); *Frasher v. State,* 8 Md.App. 439, 447, 260 A.2d 656, 660 (1970). "Even though a trial court's power is limited geographically by the principles of territorial jurisdiction, under certain circumstances, the defendant's presence is not required in a court's territorial jurisdiction if, for instance, the intended result or an essential element of his or her crime lies in Maryland." *State v. Butler,* 353 Md. at 74, 724 A.2d at 660 (discussing *Urciolo v. State,* 272 Md. 607, 631, 325 A.2d 878, 892 (1974)). When a person steals goods in another state and brings them into Maryland, he cannot be punished here for the crime committed in another state, but the act of bringing the goods into Maryland is a new crime for which he can be indicted and punished in the courts of Maryland. *See Frasher v. State,* 8 Md.App. at 447, 260 A.2d at 660. Criminal culpability requires that the act be voluntary, however. *See Herd v. State,* 125 Md.App. 77, 90, 724 A.2d 693, 700 (1999); *Frasher v. State,* 8 Md.App. at 447, 260 A.2d at 661; *see also* 1 Wayne R. LaFave & Austin W. Scott, Jr., *Substantive Criminal Law,* § 3–2(c) (1986).

The acts of appellant, after he was arrested, were not voluntary. Appellant was transported into Maryland for pro-

---

1. A large quantity of a controlled dangerous substance in one's possession is circumstantial evidence of intent. *See id.*

cessing and then returned to Delaware. Appellant, while located in Delaware, may have voluntarily intended to distribute drugs at some location, the place being irrelevant.[2] Appellant's presence in Maryland was not voluntary; therefore, he did not have an intent to distribute while in Maryland.

### 2.

■ Appellant contends that the police could have searched his person in Delaware and because the search in Maryland was part of the processing for a Delaware arrest or was incident to the arrest in Delaware, the evidence seized was not admissible in Maryland. The argument is similar to that made in support of appellant's first argument relating to territorial jurisdiction. The answer to this argument is essentially the same as the answer to that argument, albeit in a suppression context.

■ In reviewing the denial of a motion to suppress, the court's legal conclusions are subject to *de novo* review by an appellate court. *See Ferris v. State,* 355 Md. 356, 368–69, 735 A.2d 491 (1999). The permissible scope of a warrantless search incident to an arrest includes a full search of the arrestee's person and of the area within the arrestee's immediate control. *See Smith v. Ohio,* 494 U.S. 541, 543, 110 S.Ct. 1288, 108 L.Ed.2d 464 (1990). The historical rationale for a search incident to an arrest includes: (1) the need to disarm the suspect in order to take him into custody, and (2) the need to preserve evidence for later use at trial. *See Knowles v. Iowa,* 525 U.S. 113, 116, 119 S.Ct. 484, 142 L.Ed.2d 492 (1998); *United States v. Robinson,* 414 U.S. 218, 234, 94 S.Ct. 467, 38 L.Ed.2d 427 (1973).

■ If evidence of a crime is discovered during the search, it may be seized and admitted in evidence. *See United States v. Edwards,* 415 U.S. 800, 803, 94 S.Ct. 1234, 39

---

**2.** There was no evidence specifically indicating that appellant intended to distribute drugs in Maryland, and thus, we do not address whether such evidence would be sufficient to invoke jurisdiction in Maryland.

L.Ed.2d 771 (1974). "While the legal arrest of a person should not destroy the privacy of his premises, it does—for at least a reasonable time and to a reasonable extent—take his own privacy out of the realm of protection from police interest in weapons, means of escape, and evidence." *Id.* at 808–09, 94 S.Ct. 1234. However, the right of police to make an unqualified search of an arrestee's person incident to an arrest is nevertheless limited in that any such search must still be reasonable. *See id.* at 808 n. 9, 94 S.Ct. 1234.

In *Illinois v. Lafayette,* the Court explicitly stated that "[w]e were not addressing in *Edwards,* and do not discuss here, the circumstances in which a strip search of an arrestee may or may not be appropriate." 462 U.S. 640, 646 n. 2, 103 S.Ct. 2605, 77 L.Ed.2d 65 (1983). The Supreme Court has stated, however, that "[t]he test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application." *Bell v. Wolfish,* 441 U.S. 520, 559, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979). There is "a balancing of the need for the particular search against the invasion of personal rights that the search entails." *Id.* "Courts must consider the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted." *Id.*

The United States Court of Appeals for the Fourth Circuit has upheld the reasonableness of a strip search conducted after a police stop and arrest of suspects driving a motor vehicle who were suspected of drug trafficking. *See United States v. Dorlouis,* 107 F.3d 248, 251 (4th Cir.1997)(holding a strip search [3] reasonable when it took place in the privacy of a police van). Other federal circuit courts have concluded that strip and visual body searches conducted incident to arrest must be justified by at least reasonable suspicion that the arrestee is concealing drugs or weapons. *See Swain v. Spinney,* 117 F.3d 1, 7 (1st Cir.1997); *Justice v. Peachtree City,*

---

**3.** However, the boxer shorts of the arrestee were not removed. *See Dorlouis,* 107 F.3d at 256.

961 F.2d 188, 193 (11th Cir.1992); *Masters v. Crouch*, 872 F.2d 1248, 1255 (6th Cir.1989); *Weber v. Dell*, 804 F.2d 796, 802 (2d Cir.1986); *Stewart v. Lubbock County*, 767 F.2d 153, 156–57 (5th Cir.1985); *Mary Beth G. v. Chicago*, 723 F.2d 1263, 1273 (7th Cir.1983).

The Supreme Court has defined reasonable suspicion as " 'a particularized and objective basis' for suspecting the person stopped of criminal activity." *Ornelas v. United States*, 517 U.S. 690, 696, 116 S.Ct. 1657, 134 L.Ed.2d 911 (1996)(quoting *United States v. Cortez*, 449 U.S. 411, 417–18, 101 S.Ct. 690, 66 L.Ed.2d 621 (1981)). Appellant was charged in Delaware with possession of marijuana, driving while his license was suspended, and driving without a license. Prior to and during the stop, appellant was observed fidgeting and attempting to stick something down his pants. Additionally, the police officer had received information as to where the appellant normally concealed controlled dangerous substances. The officer had at least reasonable suspicion to perform a strip search incident to appellant's arrest.

As we previously discussed, however, appellant committed no voluntary act in Maryland to support a finding that appellant intended to distribute while in Maryland. Evidence obtained from the search, while not subject to suppression, cannot confer jurisdiction.

**JUDGMENT REVERSED; COSTS TO BE PAID BY WICOMICO COUNTY.**